IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN NIEVES,

      Plaintiff,

  v.

WACHOVIA MORTGAGE, F.S.B.,

      Defendant.        /

No. CIV S-08-1602 JAM KJM PS

<u>ORDER GRANTING DEFENDANT'S
MOTION FOR ATTORNEYS' FEES</u>

This matter comes before the Court on Defendant World Savings Bank, F.S.B.'s, renamed and now known as Wachovia Mortgage, F.S.B ("Wachovia"), motion for attorneys' fees pursuant to the terms of its contract with Plaintiff Reuben Nieves. For the reasons set forth below, Defendant's motion is GRANTED.

BACKGROUND

Defendant Wachovia is the holder of Plaintiff's home loan. In accordance with the terms of the promissory note and deed of trust, Defendant moved to foreclose on Plaintiff's property for failure to make adequate payments. Plaintiff sought an order enjoining a trustee sale, arguing that the note he signed was

1

both unconscionable and a violation of his constitutional rights. Complaint, Docket ("Doc.") # 1, Attach. 2, Ex. 1, ¶¶ 7-81. On January 15, 2009, this Court issued an order adopting in full the United States Magistrate Judge's findings and recommendations issued on October 6, 2008. Order, Doc. # 33. The Court granted Defendant's motion to dismiss and dismissed Plaintiff's action without leave to amend. Order, at 2. In the instant motion, Defendant, as the prevailing party in this litigation, filed a motion for award of attorney's fees in the amount of $11,016.00. Def's Mot. for Attorneys' Fees ("Def's Mot.") at 6, Doc. # 38. Plaintiff filed an opposition to Defendant's motion for attorneys' fees as well as a motion for a stay pending appeal from the judgment. Pl's Mot. for Stay, Doc. # 42; Pl's Reply Opposing Def's Mot. ("Pl's Opp."), Doc. # 43. Defendant replied to Plaintiff's motion on March 4, 2009. Def's Reply to Pl's Opp. ("Def's Rep."), Doc. # 45.

OPINION

Defendant argues that it is entitled to attorneys' fees under the terms of the promissory note and deed of trust. Def's Mot. at 6. Wachovia argues that California state law controls, that the promissory note and deed include fee clauses encompassing Plaintiff's claims, and that the fees it seeks are reasonable. Def's Mot. at 4-6.

In response, Plaintiff claims Defendant did not prevail meritoriously on the underlying claims. As a result, Plaintiff contends, there exists no prevailing party in this action, a requirement for recovering attorneys' fees under California law.

2

See Cal. Civ. Code § 1717. Plaintiff bases this argument on the fact that this Court dismissed his claim on federal preemption grounds. Pl's Opp. at 2-3. Plaintiff argues dismissal based on federal preemption effectively left his claims "unresolved and unlitigated" and left this action without a prevailing party. Id. at 2. Defendant contends that dismissal on preemption grounds constitutes a determination on the merits. Def's Rep. at 2-3.

Both parties discuss International Indus. Inc. v. Olen, 21 Cal.3d 218 (1978). In that case, the California Supreme Court declined to award defendant attorneys' fees after plaintiff voluntarily dismissed its claim. Plaintiff contends that Olen stands for the notion that a dismissal of any kind precludes the possibility for attorneys' fees recovery. However, Olen applies only to situations in which a plaintiff voluntarily dismisses its claim. As a result, it is distinguishable from this case, in which Plaintiff did not voluntarily relinquish his claim. Rather, this Court dismissed his claim after carefully considering its merits. This dismissal constituted a decision on the merits.

Moreover, Rule 41 of the Federal Rules of Civil Procedure explicitly states that involuntary dismissal acts as a determination on the merits. Fed. R. Civ. P. 41. Dismissals for lack of jurisdiction, improper venue, or failure to properly join a party serve as exceptions to this rule. Id. Plaintiff's claim, however, does not fall under one of these exceptions. This Court's involuntary dismissal constituted a determination

3

on the merits, rendering Defendant the prevailing party for attorneys' fees purposes. As a result, Defendant is entitled to recover attorneys' fees if it is able to meet the necessary requirements.

In deciding whether Defendant is entitled to attorneys' fees, this Court must first determine whether the agreement between the parties included a valid attorneys' fees clause. Second, this Court must determine if Defendant prevailed on the underlying claims. If the answer to the first two inquiries yields an affirmative answer, this Court must determine whether the Defendant seeks reasonable fees. <u>See</u> Cal. Civ. Code § 1717(a).

This action was removed from state court under diversity jurisdiction and state law therefore applies. Contractual attorneys' fees provisions are generally enforceable under California law. Cal. Civ. Proc. § 1021; <u>Port of Stockton v. W. Bulk Carrier KS</u>, 371 F.3d 1119, 1121 (9th Cir. 2004). Defendant claims the promissory note and deed of trust contain fee clauses. Def's Mot. at 4. Paragraph seven of the deed of trust provides:

> If:…(B) someone, including me, begins a legal proceeding that may significantly affect the Lenders' interest in the Property,…then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying

4

reasonable attorneys' fees…

Def's Req. for Jud. Notice, Doc. # 39, Ex. D, at 36.  This provision constitutes an attorneys' fees clause.  Furthermore, Plaintiff initiated litigation having the potential to "significantly affect" Defendant-lender's interest in the property.  Plaintiff sought an order enjoining a trustee sale.  Such an order would have infringed Defendant's right to sell, significantly affecting its interest in the property.

Paragraph seven, subsection E of the adjustable rate note provides: "The Lender will have the right to be paid back by me for all its costs and expenses in enforcing this Note….  Those expenses may include, for example, reasonable attorneys' fees and costs."  Def's Req. for Jud. Notice Ex. D, at 52.  Plaintiff's claim alleged that the note he signed was unconscionable.  In defending against this claim, Defendant effectively sought to enforce the note.  Therefore, in addition to the fee clause in the deed, Plaintiff's claim falls within the fee clause in the promissory note.  A valid attorneys' fee provision exists in both of these contracts.

The next inquiry focuses on Defendant's success in litigating the underlying claims.  Under California law, contractual attorneys' fees provisions are enforceable against the non-prevailing party.  Cal. Civ. Code § 1717; <u>see also</u> <u>Wilson's Heating & Air Conditioning v. Wells Fargo Bank</u> 202 Cal. App. 3d 1326 (Cal. Ct. App., 1988).  The magistrate judge recommended this Court dismiss Plaintiff's action and grant

Defendant's motion to dismiss. Findings & Recommendations 2, Doc. # 26. On January 15, 2009, this Court adopted those recommendations in full and dismissed Plaintiff's claims without leave to amend. Order, at 2. As a result, Defendant prevailed on all claims. As such, Defendant is entitled to recoup reasonable attorneys' fees.

Defendant requests attorneys' fees in the amount of $11,016,00. Def's Mot. at 6. California law subjects attorneys' fees recovery to the constraints of reasonableness. Cal. Civ. Code § 1717. Courts consider various factors in determining what constitutes reasonable attorneys' fees. Such factors include the nature of the litigation, its difficulty, the skill required and employed in its handling, and other circumstances in the case. Melnyk v. Robledo, 64 Cal. App. 3d 618, 623-24 (Cal. App. 2d, 1976). The Ninth Circuit considers twelve similar factors in determining reasonableness of requested attorneys' fees. These factors include the attorneys' experience, reputation and ability, the customary fee, and the attorney's preclusion from other employment due to acceptance of the case. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). Local Rule 54-293 (c) encompasses the Ninth Circuit factors, as well as "such other matters as the Court may deem appropriate under the circumstances."

In support of its motion, Defendant submitted information pertaining to these factors, including a declaration and detailed billing statement. Flewelling Decl., Doc. # 40. Defendant's declaration provides a brief description of its

attorneys' relevant qualifications, experience and customary hourly charges.  Defendant's submitted billing statement lists each person who provided services on the matter and details the services rendered.  Flewelling Decl. Ex 1.  The Court is satisfied that Defendant maintained these records contemporaneously with the services rendered.  Moreover, the Court is satisfied that the billed fees are well in line with the market rate for similarly qualified attorneys.  In short, Defendant's claimed fees are reasonable.

In sum, the promissory note and deed contained valid contractual provisions for attorneys' fees.  The Defendant fully prevailed on all claims comprising the underlying litigation. For these reasons, Defendant is entitled to reasonable attorneys' fees.  Finally, the fees Defendant seeks are well-documented and reasonable.

ORDER

For the reasons stated above, Defendant's motion for attorneys' fees is GRANTED and Plaintiff's motion for a stay of attorneys' fees pending appeal is DENIED.  Defendant is hereby awarded $11,016.00 in attorneys' fees against Plaintiff.

IT IS SO ORDERED.

DATED: March 30, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE